**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/11

# WILMERHALE

February 8, 2011

By Hand

Paul A. Engelmayer

+1 212 230 8820 (t)
+1 212 230 8888 (f)
paul.engelmayer@wilmerhale.com

Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007-1581

Re: *In re Royal Bank of Scotland Group PLC Sec. Litig.*, 09 Civ. 300 (S.D.N.Y.) (DAB);
*Lighthouse Financial Group v. The Royal Bank of Scotland Group plc et al.*, No. 11 Civ. 398 (S.D.N.Y.) (DAB)

Dear Judge Batts:

I represent defendant The Royal Bank of Scotland Group plc ("RBS") in the above-captioned matter, and write on behalf of all Defendants to request an adjournment of the current briefing schedule in light of (1) recent submissions to the Court raising issues about lead plaintiff status and (2) the filing of a new related action, *Lighthouse Financial Group v. The Royal Bank of Scotland Group plc et al.*, No. 11 Civ. 398 (S.D.N.Y.) (DAB).

Pursuant to the Court's January 11, 2011 Memorandum and Order [DE 158], absent adjournment Defendants' motion(s) to dismiss the remaining claims in 09-300 would be due on February 25, and RBS's motion to dismiss the *Lighthouse* complaint would be due on or about February 16.

Currently before the Court are four matters bearing on case organization and other logistical issues:

*First*, on January 19, 2011, Lighthouse Financial Group ("Lighthouse") filed an action asserting claims under the Securities Act of 1933 based on the alleged purchase of ADR shares, against RBS and numerous underwriters and individuals. RBS was served with the complaint on January 26, 2011. On the same day, RBS was also served with an amended *Lighthouse* complaint, subsequently filed on January 28, 2011 [DE 4]. The amended complaint asserts claims against RBS and certain individuals under the Securities Exchange Act of 1934.[1] Finally, on January 31, 2011, Lighthouse wrote to the Court requesting a pre-motion conference to address its request to file a motion to consolidate the *Lighthouse* action with the Consolidated Class Action in 09-300, or, alternatively, to intervene or substitute itself as a lead plaintiff on behalf of ADR purchasers.

*Second*, also on January 31, 2011, another entity, Irving Firemen's Relief and Retirement Fund ("Irving Fire") wrote to the Court stating that it has standing to represent ADR purchasers in connection with 09-300, and requesting leave to file a motion to intervene and substitute itself as

---
[1] To our knowledge none of the individual defendants have been served with the amended *Lighthouse* complaint.

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

MEMO ENDORSED



WILMERHALE

Honorable Deborah A. Batts
February 8, 2011
Page 2

lead plaintiff for ADR purchasers. Irving Fire furthermore asks the Court to reconsider its dismissal of the ADR claims for lack of standing.

*Third*, on February 1, 2011, Michael T. Sullivan and the Harold H. Powell Trust U/A Dated December 21, 1988, wrote to the Court requesting a pre-motion conference to address its proposed motion for reconsideration of the Court's May 5, 2009 Consolidation and Lead Plaintiff Order [DE 57], on the ground that only they, and not current Lead Plaintiff—The Freeman Group—have standing to assert claims based on direct purchases of Series T Preferred Shares.

*Finally*, on January 25, 2011, former Co-Lead Plaintiff MissPERS filed a motion asking the Court to reconsider its dismissal of MissPERS from the case, on the ground that MissPERS has standing to pursue claims based on Series U Preferred Shares. It is unclear whether MissPERS also seeks to act in a representative capacity in connection with Series U.

Defendants take no position on the substance of these requests to the Court, but submit that efficiency for the Court and the parties, and the orderly management of the case, would be best served if the lead plaintiff, consolidation, amendment (if any), and any other logistical matters were resolved before Defendants file additional papers in support of their motions to dismiss.[2] These are the same factors that led the Court previously to set the timing of motions to dismiss in reference to the filing of the previous consolidated complaint, and we respectfully submit that the same process should be followed now.

Accordingly, Defendants respectfully request an adjournment of defendants' deadline to move to dismiss the current complaints in Nos. 09 Civ. 300 and 11 Civ. 398 until 45 days following the later of (1) the Court's resolution of pending issues regarding appointment of lead counsel and (2) the filing of any further amended and/or consolidated complaint(s).

*granted DAB 2/14/11*

I am authorized to represent to the Court that counsel for Irving Fire, Lighthouse, Michael T. Sullivan, and the Harold H. Powell Trust U/A Dated December 21, 1988 do not oppose this requested adjournment.

I thank the Court for its consideration of this request.

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS  2/14/11
UNITED STATES DISTRICT JUDGE

---

[2] Among the issues raised by the Irving Fire and Lighthouse letters is whether the PSLRA mandates a new 60-day notice period before appointing lead counsel in connection with a purported class of ADR purchasers. *See* 15 U.S.C. 78u-4(a)(3)(A)(i). *See also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 Civ. 1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005) (holding new PSLRA notice required where amended complaint added series of shares).

MEMO ENDORSED