UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In Re ROYAL BANK OF SCOTLAND GROUP PLC
SECURITIES LITIGATION,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/16/11__

09 Civ. 300 (DAB)

ORDER

----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On January 11, 2011, the Court filed a Memorandum and Order
in this case on the applicability of the United States Supreme
Court's decision in <u>Morrison v. National Australia Bank Ltd</u>, 130
S.Ct 2869 (2010). As part of that Order, the Court dismissed,
<u>inter alia</u>, all claims asserted by former Co-Lead Plaintiffs,
Mississippi Public Employee's Retirement System ("MissPERS") and
Massachusetts Pension Reserves Investment Management Board
("MassPRIM"), including all open-market American Depositary
Receipts ("ADRs").

The Court now has three case organizational issues pending.

First, on January 25, 2011, former Co-Lead Plaintiff
MissPERS filed a motion under Fed. R. Civ. P. 59(e) and Local
Rule 6.3 for reconsideration and clarification of the Court's
January 11, 2011 Order to allow MissPERS, represented by its
counsel of Labaton Sucharow LLP and Wolf Popper LLP, to remain in
the action as a named or representative plaintiff to prosecute
claims on behalf of purchasers of Royal Bank of Scotland Group

1

plc ("RBS") Series U Preferred Shares ("Series U"). MissPERS argues it should remain in the litigation because current Lead Plaintiff, the Freeman Group, did not purchase any Series U shares. In a filing dated February 8, 2011, the Freeman Group stated its non-opposition to MissPERS Motion. On February 8, 2011, the Underwriter Defendants filed a response to MissPERS Motion and stated the Underwriter Defendants take no position on the Motion. Accordingly, the Court GRANTS MissPERS' Motion for clarification and reconsideration.

Second, on February 1, 2011, non-parties Michael T. Sullivan and the Harold Powell Trust U/A Dated December 21, 1988 (the "Sullivan and the Powell Trust"), through its counsel Wolf Haldenstein LLP and Kohn, Swift & Graf, P.C., submitted a letter to the Court asserting that they - not the Freeman Group - have standing to assert claims based on the direct purchase of RBS Series T Preferred Shares ("Series T"). Sullivan and the Powell Trust assert that no constituent member of the Freeman Group purchased or otherwise acquired Series T shares directly from RBS in the September 21, 2007 offering.[1] Sullivan and the Powell Trust seek reconsideration of the Court's May 5, 2009 and January 11, 2011 Orders.

---

[1]     As set forth in the Consolidated Complaint, the offering date for Series T shares is September 24, 2007.

In a letter dated February 8, 2011, the Freeman Group stated its opposition to Sullivan and Powell Trust's request.  The Freeman Group is prepared to designate additional plaintiffs that acquired Series T shares.  As the Freeman Group can represent those who purchased or otherwise acquired Series T shares just as adequately as Sullivan and Powell Trust, Sullivan and Powell Trust's request is DENIED.

Finally, on February 8, 2011, non-party Irving Firemen's Relief and Retirement Fund ("Irving Fire") filed a motion to intervene.  Irving Fire asserts that the Court should reconsider its May 5, 2009 Order appointing lead plaintiffs and counsel in this action as it has standing to represent the RBS ADR common share claims that were dismissed in the Court's January 11, 2011 Order and former lead plaintiffs' MissPERS and MassPRIM did not purchase any ADRs at issue.[2]  In separate letters dated February 8, 2011, Defendants and Lead Plaintiff the Freeman Group take no position as to the substance of Irving Fire's Motion.

Irving Fire asserts that it should be permitted to intervene as a matter of right or permissively under Fed. R. Civ. P. 24(a)

_____

[2]    In Complaint filed on January 19, 2011 (Docket No. 11 Civ. 398 (UA)), Plaintiff Lighthouse Financial Group self-designated that case as related to the action here - 09 Civ. 300 (DAB).  In that case, plaintiffs allegedly purchased ADR shares. The Court declined 11 Civ. 398 as unrelated to the action here.

and (b).  "In order to intervene [as of right], an applicant must (1) file timely; (2) demonstrate an interest in the action; (3) show an impairment of that interest arising from an unfavorable disposition; and (4) have an interest not otherwise adequately protected."  U.S. v. State of New York, 820 F.2d 554, 556 (2d Cir. 1987); see also U.S. v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994) (same).  Failure to satisfy any one of these requirements is a sufficient ground to deny the application.  Security Pacific Mortg. and Real Estate Services, Inc. v. Republic of Philippines, 962 F.2d 204, 208 (2d Cir. 1992).  Here, Irving Fire fails to show why its interests would be impaired if it cannot proceed in this action, or that its interests would otherwise not be adequately protected.  Irving Fire asserts that while it believes its claims would survive an attempted statute of limitations defense by Defendants, the mere possibility that Defendants may attempt to raise a statute of limitations defense should result in allowing Irving Fire to intervene here. (Irving Fire Br. p. 8.)  The speculative risk of a statute of limitations, or any other defense without more, is not enough to demonstrate that Irving Fire's interests would not be otherwise adequately protected.

Irving Fire also argues that under Fed. R. Civ. Rule 24(b), the Court should exercise its discretion and permit Irving Fire

4

to intervene.  "Rule 24(b) requires an intervenor to demonstrate first, that the motion is timely, and second, that its claim or defense shares a common question of fact or law with the main action."  In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 315 (D. Conn. 2009).  The Court does not dispute the timeliness of Irving Fire's Motion or that its claims share many common questions of fact.  However, the ADR claims do possess unique questions of fact.  In addition, by allowing Irving Fire to proceed, the Parties and the Court would be forced to consider Exchange Act claims that otherwise are not contemplated by the Parties in this action.  Finally, Fed. R. Civ. P. 24(b)(3) is instructive, as it requires the Court to consider whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights."  At this stage of the proceedings - two years after filing of the original Complaint - the Court is not interested in further complicating and delaying progression of this case by adding additional claims or parties.  This consideration is particularly strong where the claims can be adjudicated in another action.

Having considered all applications,

IT IS HEREBY ORDERED THAT:

1.   The Freeman Group shall continue to serve as Lead Plaintiff and its counsel, Girard Gibbs LLP, shall continue to serve as Lead Plaintiff's Counsel for all preferred share claims;

2.   Mississippi Public Employee's Retirement System's Motion for clarification and reconsideration is GRANTED.  MissPERS, through its counsel, Labaton Sucharow LLP and Wolf Popper LLP, shall remain in the litigation as a named plaintiff and representative party to appear on behalf of purchasers of Royal Bank of Scotland Group plc Series U preferred shares;

3.   Non-parties Michael T. Sullivan and the Harold Powell Trust U/A Dated December 21, 1988's Motion for reconsideration of the Court's May 5, 2009 and January 11, 2011 Orders, or to otherwise intervene in this suit, is DENIED;

4.   Non-party Irving Firemen's Relief and Retirement Fund's Motion to intervene is DENIED;

5.   Within 30 days of the date of this Order, Lead Plaintiff the Freeman Group shall amend the Consolidated Amended Complaint;

6.   The Freeman Group shall amend to include plaintiff(s) that have purchased or acquired the September 24, 2007 Series T shares and to include MissPERS as having purchased or acquired Series U shares and, in addition, the Consolidated Amended Complaint shall reflect all rulings of this Court to date so that

all dismissed claims, parties and unrelated factual aversions
shall be removed;

     7.  No other amendments will be permitted;

     8.  Within 45 days of the date of this Order, Defendants
shall re-file their motions to dismiss addressing Counts Three,
Four and Five;

     9.  45 days after Defendants re-file their motions to
dismiss, the Plaintiffs shall file their Opposition;

     10. 30 days after Plaintiffs file their Opposition,
Defendants shall file their Reply, at which time the motions to
dismiss will be fully submitted.

        SO ORDERED.

Dated:    New York, New York
           February 16, 2011

                        Deborah A. Batts
               United States District Judge