UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ROYAL BANK OF SCOTLAND GROUP PLC SECURITIES LITIGATION | 09 Civ. 300 (DAB) |
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>                    Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>                    Defendants. | 11 Civ. 1162 (NRB) |

**PLAINTIFF ETHAN GOLD'S RESPONSE TO LIGHTHOUSE FINANCIAL GROUP LLC'S MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**

## PRELIMINARY STATEMENT

Plaintiff Ethan Gold ("Gold") respectfully submits this response to Lighthouse Financial Group LLC's ("Lighthouse") motion to consolidate the above captioned matters pursuant to Fed. R. Civ. P. 42(a).

Mr. Gold does not object to consolidation of *Lighthouse Financial Group LLC v. Royal Bank of Scotland Group PLC et al.*, No. 11 Civ. 398 (GBD) (the "Lighthouse Action") and *Gold v. Royal Bank of Scotland Group PLC et al.*, No. 11 Civ. 1162 (NRB) (the "Gold Action") once the actions are transferred to one judge.[1]  However, Mr. Gold vigorously objects to Lighthouse's effort to violate the lead plaintiff provisions under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3), by usurping for itself a leadership position in this case before the PSLRA's 60-day deadline passes.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, ***any member of the purported class*** may move the court to serve as lead plaintiff of the purported class").  As explained below, putative class members have until April 19, 2011, to file a motion with the Court seeking appointment as lead plaintiff.

As such, other than consolidating the Lighthouse and Gold Actions, Lighthouse's motion should be denied in all respects.[2]

## FACTUAL BACKGROUND

Lighthouse's original complaint was filed shortly after Judge Batts dismissed claims of American Depository Receipts ("ADRs") holders from *In re Royal Bank of Scotland Group PLC*

---

[1]     *See* Southern District of New York Rules For The Division Of Business Among District Judges, Rule 15 ("a civil case will be deemed related to one or more other civil cases and will be transferred for **consolidation** or coordinated pretrial proceedings when the interests of justice and efficiency will be served").  All emphases herein are added unless otherwise noted.

[2]     Citations to "Lighthouse Br." are to Lighthouse's Memorandum of Law in Support of its Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) filed in the Gold Action, Dtk. No. 6.

*Sec. Litig.*, No. 09 Civ. 300 (DAB) ("*In re RBS*").  *See In re RBS*, 2011 WL 167749 (S.D.N.Y. Jan. 11, 2011).[3]  Judge Batts' dismissal was based on the court's determination that the lead plaintiffs in *In re RBS*, who purchased only ordinary shares on a foreign exchange, did not have standing to pursue ADR claims.  *See id.* at *8 ("the Court is dismissing MassPRIM and MissPERS claims based on their purchases of ordinary shares, so this cannot be used as a basis to pursue claims regarding ADRs").[4]  Currently, only investors purchasing certain Preferred Shares issued by RBS remain in the action before Judge Batts.

Following the dismissal of the ADR claims, on January 19, 2011, Lighthouse filed a class action complaint alleging violations of the federal securities laws against, *inter alia*, RBS on behalf of ADR holders.  Lighthouse designated its case as related to *In re RBS*.[5]

Separate from the Lighthouse Action, Irving Firemen's Relief and Retirement Fund ("Irving Firemen") moved to intervene in *In re RBS* and requested that the court substitute it as the lead plaintiff for ADR investors.  *See In re RBS*, No. 09 Civ. 300 (DAB), slip op., at 3 (S.D.N.Y. Feb. 16, 2011) (the "Feb. 16 Order").[6]  On February 16, 2011, Judge Batts issued an order resolving several pending issues before the court.  *See id.*  Relevant to this case, the Feb. 16 Order denied Irving Firemen's motion and noted the court's reluctance to delay *In re RBS* by including ADR claims in that action.  According to Judge Batts:

---

[3]     *In re RBS* originally asserted claims on behalf of: (1) ADR investors; (2) investors in ordinary shares; and (3) investors in certain Preferred Shares issued by the Royal Bank of Scotland Group plc ("RBS").  Currently, *In re RBS* involves only claims by investors in certain RBS Preferred Shares.

[4]     The dismissal of ordinary shares was based on Judge Batts' reading of *Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869 (2010), which addresses the extent of the extraterritorial reach of U.S. securities laws.  ADR claims are not subject to *Morrison*'s limitation.  *See In re RBS*, 2011 WL 167749, at *8 ("Defendants admit that under *Morrison*, [ADRs which trade] on the NYSE fall within the territorial ambit of the Exchange Act").

[5]     Lighthouse's complaint was amended on January 28, 2011.  *See* Lighthouse Br. at 4-5.

[6]     Submitted herewith as Exhibit 1 to the Declaration of Curtis V. Trinko in Support of Plaintiff Ethan Gold's Response to Lighthouse Financial Group LLC's Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) ("Trinko Decl.").

The Court does not dispute the timeliness of Irving Fire's Motion or that its claims share many common questions of fact. However, the ADR claims <u>do</u> possess unique questions of fact. In addition, by allowing Irving Fire to proceed, the Parties and the Court would be forced to consider Exchange Act claims that otherwise are not contemplated by the Parties in this action. Finally, Fed. R. Civ. P. 24(b) (3) is instructive, as it requires the Court to consider whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." At this stage of the proceedings - two years after filing of the original Complaint - the Court is not interested in further complicating and delaying progression of this case by adding additional claims or parties. This consideration is particularly strong where the claims can be adjudicated in another action.

*Id.* at 5 (emphasis in original).

The Feb. 16 Order also refused to accept the Lighthouse Action as a matter related to *In re RBS*. *See* Feb. 16 Order at 3 n.3.

On February 18, 2011 the Gold Action was filed asserting claims on behalf of RBS ADR holders. Pursuant to the PSLRA, Mr. Gold circulated notice of his action and advised all interested class members of their right to move for appointment as lead plaintiff by April 19, 2011 – 60 days from the date of the notice.[7]   *See also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Lighthouse did not issue a notice.

More than a month before the PSLRA deadline is set to expire, Lighthouse filed the instant motion seeking to consolidate actions and appoint itself lead plaintiff for a class of ADR investors.

---

[7]   Submitted herewith as Ex. 2 to Trinko Decl.

## ARGUMENT

## 1. LIGHTHOUSE CANNOT APPOINT ITSELF LEAD PLAINTIFF

The PSLRA establishes a specific procedure for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws – like the matter at bar. *See* 15 U.S.C. § 78u-4(a).

First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice…;
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Reimer v. Ambac Fin. Group, Inc.*, 2008 WL 2073931, at *1-2 (S.D.N.Y. May 9, 2008); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

The publication of a notice triggers the date for filing motions for appointment as lead plaintiff. "The fundamental purpose of the [PSLRA's] notice requirement is to provide class

members with sufficient information about the suit and inform class members of their right to move to be appointed lead plaintiff so they can make an informed and reasoned judgment about whether they should seek lead plaintiff status." *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 576 (D.N.J. 2001). Here, Mr. Gold issued notice of his action on February 18, 2011, advising investors of their right to move for appointment as lead plaintiff by April 19, 2011.

In contrast, Lighthouse not only failed to publish notice but it seeks to convert its omission into a gain by having itself appointed lead before class members are required to file motions declaring their intention to lead the action. This is plainly improper and flies in the face of the PSLRA. *See Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 278 (N.D. Tex. Mar. 6, 2001) (PSLRA's notice provisions were enacted to prevent "self-serving counsel from hijacking securities actions") (citing *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1313-14 (N.D. Ala. 2000)). Here, the class has already been advised of Mr. Gold's filing and of the 60 day window triggered by the publication of Mr. Gold's notice. Given that the 60 day deadline has not yet expired, it is premature to appoint any movant as the lead plaintiff for the ADR class.[8]  *See Holley*, 200 F.R.D. at 279 (requiring publication of non-defective notice and deferring appointment of permanent lead plaintiff).

Lighthouse's sole argument for ignoring the PSLRA's deadline is based on the faulty notion that its original complaint, filed on January 19, 2011, somehow saves the applicable statute of limitations ***only*** for itself but not for any other plaintiffs within the defined class. *See*

---

[8]      Lighthouse's offer to "quickly and vigorously commence the discovery process," Lighthouse Br. at 9, is of no consequence. The court appointed lead plaintiff is the only party able to act on behalf of the class. *See In re Bank of America Corp. Sec., Deriv. and ERISA Litig.*, No. 09 MDL 2058, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class." (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004)).

Lighthouse Br. at 1.[9]  Even if Lighthouse's misplaced limitations argument has any merit (it does

not), the PSLRA was designed to end "races to the courthouse" and transfers responsibility for

leading class action securities litigation to the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii).   Thus, assuming, *arguendo*, that Lighthouse's original complaint prevented

claims from expiring, **_all_** class members – including the lead plaintiff ultimately appointed by the

Court – are entitled to rely on Lighthouse's original filing when asserting claims on behalf of the

class.  *See e.g., In re NovaGold Resources Inc. Sec. Litig.*, 629 F. Supp. 2d 272, 282 (S.D.N.Y.

2009) (reviewing claims in original pleading to determine whether lead plaintiff's claims were

timely); *id.* at 289 (noting that defendants named in the first filed complaint "do not challenge

the timeliness of Securities Act claims brought against these defendants").[10]

   Here, a PSLRA notice was issued on February 18, 2011.  Under the statute, all putative

class members have until April 19, 2011, to file a motion with the Court seeking appointment as

lead plaintiff.  Lighthouse's motion seeks to violate the PSLRA's mandatory 60 day deadline.

---

[9]     Moreover, having declared that the statue of limitations has expired for all class members except itself, *see* Lighthouse Br. at 1 & n.1, Lighthouse may be estopped from taking a contrary position later in this litigation.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him").  Accordingly, Lighthouse would not be a suitable representative for absent class members even if it decides to move for appointment as lead plaintiff.  *See Baydale v. American Exp. Co.*, No. 09 Civ. 3016, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009) (refusing to appoint movant who may be subject to unique defenses); *see also Borenstein v. Finova Group, Inc.,* 2000 WL 34524743, at *8 (D. Ariz. Aug. 30, 2000) (noting that movants who took positions against the best interests of the entire class "cannot qualify as the presumptively most adequate plaintiff" because such an appointment "pose[s] a significant risk that the complete interests of all class members would not be fairly and adequately protected").

[10]    Likewise, Lighthouse's argument that it is "effectively stepping into the shoes of the earlier plaintiffs whose claims were dismissed in [*In re RBS*]," Lighthouse Br. at 2, was essentially rejected by the Feb. 16 Order which denied Irving Firemen's motion to intervene.  *See* Feb. 16 Order at 5 ("the [ADR] claims can be adjudicated in another action.").

## 2. THE LIGHTHOUSE AND GOLD ACTIONS SHOULD BE CONSOLIDATED

In addition to seeking to gain control of this case in violation of the PSLRA, Lighthouse also seeks consolidation of the Lighthouse and Gold Actions with *In re RBS. See* Lighthouse Br. at 2.

Fed. R. Civ. P. 42 states that a court may consolidate actions that are "before the court" and "involve a common question of law or fact. . . ." "In general, courts have 'broad discretion to determine whether consolidation is appropriate' and '[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation.'" *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (citations omitted); *see also* Lighthouse Br. at 5 ("The Court has **broad discretion** under this Rule to consolidate cases").

Here, consolidation of the Lighthouse and Gold Actions is appropriate under Rule 42, as both actions involve common questions of law and fact. Specifically, both actions assert claims on behalf of RBS' ADR holders between 2007 and January 19, 2009, against overlapping defendants based on similar misstatements.[11] *Compare Lighthouse*, Compl. at ¶¶186, 193, 195, 197 *with Gold*, Compl. at ¶¶47, 54, 63-64 (overlapping documents pled to include misstatements and material omissions). Given these similarities, it would be appropriate to consolidate the Lighthouse and Gold Actions, along with any other subsequently filed actions asserting claims on behalf of RBS ADR holders, under Rule 42. *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and

---

[11] The Lighthouse Action begins the class period on March 1, 2007, while the class period in the Gold Action commences on October 18, 2007, when RBS' ADRs began trading in the United States. *See Gold*, Compl. at ¶46. Notwithstanding this discrepancy, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan*, 240 F.R.D. at 91. Moreover, it is "well recognized" that "consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *Id.*

reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal citation omitted).

Lighthouse, however, goes further than seeking consolidation of ADR actions and also seeks to consolidate the Lighthouse and Gold Actions with *In re RBS*.  This request appears to be improper.  Judge Batts has expressly declined to relate either the Lighthouse or Gold Actions with *In re RBS* and has fully considered the unique questions of facts applicable to ADR claims. *See* Feb. 16 Order at 3 n.2, 5 ("the ADR claims <u>do</u> possess unique questions of fact") (emphasis in original).   Lighthouse does not offer any support for setting Judge Batts' ruling aside.  *See Internet Law Library*, 208 F.R.D. at 60 (consolidation under Rule 42 is left to the court's discretion).

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Gold requests the Court grant Lighthouse's motion to consolidate its action with the Gold Action, but otherwise requests that the court deny Lighthouse's motion in all other respects.

Respectfully submitted,

**LAW OFFICES OF CURTIS V. TRINKO, LLP**


By:     <u>s/ Curtis V. Trinko</u>
           Curtis V. Trinko
           Jennifer Traystman
           ctrinko@trinko.com
           16 West 46th St., 7th Flr.
           New York, New York 10036
           Tel:  (212) 490-9550
           Fax:  (212) 986-0158
           *Liaison Counsel*

           **BARROWAY TOPAZ KESSLER**
           **MELTZER & CHECK, LLP**
           Sean M. Handler
           Darren J. Check

Naumon A. Amjed
D. Seamus Kaskela
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
***Counsel for Plaintiff Ethan Gold***