UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ROYAL BANK OF SCOTLAND GROUP PLC SECURITIES LITIGATION | 09 Civ. 300 (DAB) |
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*,<br><br>Defendants. | 11 Civ. 1162 (NRB) |

**LEAD PLAINTIFF THE FREEMAN GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO LIGHTHOUSE FINANCIAL GROUP LLC'S MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)**

## INTRODUCTION

The Freeman Group, Lead Plaintiff in the *In re Royal Bank of Scotland Group PLC Securities Litigation,* 09 Civ. 300 (DAB), respectfully submits this memorandum of law in opposition to Lighthouse Financial Group LLC's ("Lighthouse") motion to consolidate the above proceeding with *Lighthouse Financial Group v. The Royal Bank of Scotland Group PLC,* 11 Civ. 398 (GDB), and *Gold v. The Royal Bank of Scotland Group PLC,* 11 Civ. 1161 (NRB). The *In re RBS Securities Litigation* involves claims under the Securities Act of 1933 on behalf of purchasers of RBS preferred shares. The *Lighthouse* and *Gold* actions both involve claims under the Securities Exchange Act of 1934 on behalf of purchasers of RBS ARSs.

Lighthouse's motion to consolidate is procedurally flawed and substantively without merit and should be denied. The Court already has declined to accept *Lighthouse* as a related action and declined Lighthouse's January 31, 2011 letter request for a pre-motion conference to seek consolidation or intervention. Lighthouse's motion was filed in violation of the Court's individual practice rules, which require a pre-motion conference and leave of Court before filing a motion.

Substantively, the Court already considered and rejected the bases for consolidation advanced by Lighthouse when it declined to accept the *Lighthouse* action as a related action and denied the motion to intervene filed by another RBS ADR purchaser, Irving Fireman's Relief and Retirement Fund (the "Irving Fund"). While acknowledging that the Court has declined to accept the cases as related and has denied intervention by RBS ADR purchasers, Lighthouse fails to set forth any basis for the Court to reconsider its views on the appropriateness or fairness of consolidating the recently-filed ADR Exchange Act cases with the earlier filed preferred

share Securities Act case. For all of the reasons set forth herein, Lighthouse's motion should be denied.

## ARGUMENT

When Lighthouse filed its original complaint on January 19, 2011, it designated the action as related to the *In re RBS Securities Litigation*. On January 31, 2011, Lighthouse's counsel sent a pre-motion letter to the Court, pursuant to this Court's individual practice rules, requesting a pre-motion conference for leave to file a motion for consolidation of the two actions under Fed. R. Civ. P. 42(a) or, in the alternative, for leave to intervene.

The Court did not grant Lighthouse's request for a pre-motion conference. Nor did it grant Lighthouse leave to file a motion for consolidation or intervention. Instead, the Court declined to accept the *Lighthouse* action as a related action. *See* Dkt. No. 172 at p. 3, fn. 2. Lighthouse's motion for consolidation was thus filed without the Court's required pre-motion conference and leave of Court. It should be denied on this basis alone.

Lighthouse's motion is also substantively without merit. Rule 15(a) of the S.D.N.Y. Rules for the Division of Business Among District Judges provides:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just[,] efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this court in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

*See also Merriweather v. Sherwood*, No. 77 Civ. 3421 (AGS), 2002 U.S. Dist. LEXIS 9423, at *18 (S.D.N.Y. May 28, 2002) (following rule).

The factors considered in determining relatedness under Rule 15(a) are consonant with the factors considered on a motion for consolidation. *See, e.g., Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) (consolidation decisions guided by considerations of efficiency and fairness); Lighthouse Memo. at p. 5 (setting forth factors considered in determining consolidation). When the Court declined to accept *Lighthouse* as a related action, it thus implicitly concluded that joining the cases would not result in a substantial saving of judicial resources, would not advance the just, efficient and economical conduct of the actions, or would not serve the convenience of the parties or witnesses.

This conclusion is amply supported by the record. The actions assert different claims for different class periods on behalf of different classes. Most of the defendants in the *In re RBS Securities Litigation* are not defendants in the *Lighthouse* and *Gold* actions. The *In re RBS Securities Litigation* is substantially advanced, with all lead plaintiff issues resolved, an amended complaint filed last week and motions to dismiss scheduled to be filed in two weeks. In contrast, the *Lighthouse* and *Gold* actions are in their infancy. Lead plaintiff and lead counsel have not yet been appointed and are likely to be the subject of motion practice (*see* Dkt. No. 179 at pp. 4-6), and there is no schedule for the filing of an amended complaint or motions to dismiss for the RBS ADR claims. Based on this record, it is not surprising that counsel for plaintiff in the *Gold* action supports consolidation of the *Lighthouse* and *Gold* actions, but opposes consolidation of those two actions with the *In re RBS Securities Litigation*. *Id.* at pp. 7-8.

These same facts were considered by the Court when it denied the Irving Fund's motion to intervene on behalf of RBS ADR purchasers, the same class that Lighthouse and Gold both seek to represent in their respective actions. In the February 16, 2011 Order denying the Irving

3

Fund's motion to intervene, the Court held that "the ADR claims <u>do</u> possess unique questions of fact," and that by allowing the ADR claims to proceed, "the Parties and the Court would be forced to consider Exchange Act claims that otherwise are not contemplated by the Parties in this action." Finally, the Court noted that "[a]t this stage of the proceedings – two years after the filing of the original Complaint – the Court is not interested in further complicating and delaying progression of this case by adding additional claims or parties." Dkt. No. 172 at p. 5. Lighthouse fails to set forth any legal or factual basis for the Court to reconsider these determinations.

Lighthouse's argument that the cases should be consolidated to avoid duplication of discovery is flawed as well. Most of the discovery will not be duplicative. The amended complaint in the *In re RBS Securities Litigation* names 23 defendants, while the complaints in the ADR actions name only six defendants. In addition, the class periods are different and the statements and omissions alleged to be false and misleading are different. While there may be some modest overlap in the discovery conducted, this can easily be handled through informal cooperation among the parties or informal coordination of the actions, assuming they all survive motions to dismiss.

Other than the potential for a modest overlap of discovery, there is no reason for the actions to be consolidated. As the Court has noted, the claims are different and are based on facts unique to each action. Given the length of time that the *In re RBS Securities Litigation* already has been pending, the prejudice to the parties to that action that will flow from any further delay caused by consolidation of the recently filed ADR actions far outweighs any modest benefits that may accrue from coordinated discovery, particularly since any overlap in discovery can be resolved through other means.

## CONCLUSION

For all of the foregoing reasons, Lighthouse's motion for consolidation pursuant to Fed. R. Civ. P. 42(a) should be denied.

Dated:  March 21, 2011                             Respectfully submitted,

**GIRARD GIBBS LLP**

  /s/ *Jonathan K. Levine*
Jonathan K. Levine
711 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 867-1721
Facsimile: (212) 867-1767
           - and –
Daniel C. Girard
Amanda M. Steiner
Christina H.C. Sharp
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Lead Counsel for Plaintiffs*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Thomas G. Hoffman, Jr.
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Plaintiffs' Counsel and Counsel for the Mississippi Public Employees Retirement System*

**WOLF POPPER LLP**
Lester L. Levy
James A. Harrod
James Kelly-Kowlowitz
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Plaintiffs' Counsel and Counsel for the Mississippi Public Employees Retirement System*

**MURRAY, FRANK & SAILER LLP**
Marvin L. Frank
Gregory B. Linkh
275 Madison Avenue, 8th Floor
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Plaintiffs' Counsel and Counsel for Robert Knollenberg*

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
One North La Salle Street, Suite 2225
Chicago, IL 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Plaintiffs' Counsel*

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Plaintiffs' Counsel*

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Antonio Vozzolo
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Plaintiffs' Counsel*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the following documents:

1. **LEAD PLAINTIFF THE FREEMAN GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO LIGHTHOUSE FINANCIAL GROUP LLC'S MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a); and**

2. **PROOF OF SERVICE**

were filed on the Court's CM/ECF system and were thereby made available to counsel of record.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 21, 2011, at San Francisco, California.

_____
Angela L. Eure