UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ROYAL BANK OF SCOTLAND GROUP PLC SECURITIES LITIGATION | 09 Civ. 300 (DAB) |
| LIGHTHOUSE FINANCIAL GROUP, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*, <br><br> Defendants. | 11 Civ. 398 (GBD) |
| ETHAN GOLD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE ROYAL BANK OF SCOTLAND GROUP PLC, *et al.*, <br><br> Defendants. | 11 Civ. 1162 (NRB) |

**LIGHTHOUSE FINANCIAL GROUP LLC'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO CONSOLIDATE PURSUANT
TO FED R. CIV. P. 42(a) AND IN REPLY TO THE FREEMAN GROUP'S OPPOSITION**

**SADIS & GOLDBERG LLP**
Charles H. Dufresne, Jr.
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660

*Counsel for Plaintiff-Movant Lighthouse
Financial Group LLC*

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
Kira German
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337

Lighthouse Financial Group LLC ("Lighthouse") respectfully submits this memorandum of law in further support of its motion to consolidate pursuant to Fed. R. Civ. P. 42(a) and in reply to the memorandum of law submitted by the Freeman Group.[1]

Despite the Freeman Group's attempt to distinguish the claims for violations of the Exchange Act of 1934 (the "Exchange Act") brought by plaintiffs Lighthouse and Ethan Gold ("Gold"), the Exchange Act claims were always part and parcel of the Consolidated Action.[2] Indeed, in May 2009, when deciding whether to consolidate the original actions, this Court held that consolidation of three actions alleging both Exchange Act and Securities Act claims with seven actions alleging claims just under the Securities Act of 1933 (the "Securities Act") was proper under Fed. R. Civ. P. 42(a) as "each of the actions…involve common questions of law and fact making consolidation appropriate to promote judicial efficiency to avoid unnecessary cost and delay." *See* Dkt. 57 at 7-8. Indeed, in its May 5, 2009 Order the court mandated that counsel "SHALL FILE an AMENDED COMPLAINT within thirty (30) days of the date of this ORDER which shall include all claims, including those under the Securities Act and the Exchange Act." *See id.* at 11. Thus, until State Funds' dismissal from the Action in January 2011 – two years into the litigation – this Court, having weighed the factors of Fed. R. Civ. P.

---

[1] Lighthouse will file a separate memorandum of law in reply to Plaintiff Ethan Gold's Response to Lighthouse Financial Group LLC's Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a).

[2] The three actions at issue pending in the Southern District of New York are (1) *In Re Royal Bank of Scotland Group PLC Securities Litigation*, 09 Civ. 300 (DAB) (the "Consolidated Action"); (2) *Lighthouse Financial Group LLC v. Royal Bank of Scotland Group PLC et al.*, 11 Civ. 398 (GBD) (the "*Lighthouse* Action"); and (3) *Gold* v. *Royal Bank of Scotland Group PLC et al.*, 11 Civ. 1162 (NRB) (the "*Gold* Action") (collectively, the "Actions").

42(a), concluded that consolidation of the causes of action under the Exchange and the Securities

Act was proper and further promoted judicial efficiency.[3]

The Court's holding comports with the decisions of other courts under similar

circumstances.  As provided in Lighthouse's opening papers, courts have generally consolidated

claims asserted under the Exchange Act and the Securities Act, finding that consolidation of

those claims was efficient and would not cause any significant delay or increased expenses.  *See*

*e.g., In re General Electric Sec. Litig.*, 09 Civ. 1951, 2009 WL 2259502, at \*\*2-3 (S.D.N.Y. July

29, 2009); *In re Century Aluminum Co. Sec. Litig.*, No. C. 09-1001, 2009 WL 2905962, at \*2

(N.D. Cal. Sept. 8, 2009); *see also Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-

5 (E.D.N.Y. 2005) (consolidating securities multiple cases brought under the Securities Act and

the Exchange Act even though the cases had different defendants, time periods and asserted

different claims; upon a finding that the cases had legal and factual similarities, noting that "the

facts and legal issues need not be identical to warrant consolidation.").

Notwithstanding the Freeman Group's contention to the contrary, the Actions arise of the

same transactions and occurrences, share the same operative facts – namely the misleading

---

[3]    Freeman Group argues that the Court has recently found that the claims asserted on behalf of American Depository Receipts of Royal Bank of Scotland Group plc ("RBS ADRs") possess unique questions of fact.  That decision was based on movant Irving Fireman's Relief and Retirement Fund's ("Irving Fire") motion to intervene under Fed R. Civ. P. 24(a) and (b), not in response to a motion to consolidate under Fed. R. Civ. P. 42(a).  In addition, Irving Fire had not filed a complaint by which the Court could evaluate whether or not its claims were sufficiently related to the Consolidated Action.  Moreover, as a point of clarification to the Freeman Group opposition, the Court has not formally declined Lighthouse's January 31, 2011 letter requesting a pre-motion conference to seek consolidation or intervention.  Following the filing of the *Gold* Action, alleging the same claims as Lighthouse and arising out of the same transactions and occurrences as the *Lighthouse* and the *Consolidated* Actions, Lighthouse has filed its moving papers seeking consolidation of the three Actions before this Court.  The Court's notation that it had declined to accept the *Lighthouse* Action as related was in an Order declining intervention Irving Fire, an unrelated party, not in response to briefing by Lighthouse, and Lighthouse respectfully moves the Court to permit it to show why consolidation of the Actions is proper and should be granted.

statements and material omissions concerning the company's risk management and subprime exposure contained in RBS' public filings and statements, which culminated in unprecedented losses by any commercial bank in 2008 and the greatest loss in U.K. history – and are therefore amenable to consolidation.  As repeatedly found by Courts in this District, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see also Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 WL 2813133, at * 2 (S.D.N.Y. Dec. 8, 2004) (noting that "neither the fact that the actions' factual allegations are not identical nor that the actions have slightly differing class periods is enough to defeat consolidation.").

In fact, the class periods substantially overlap as both the Consolidated Action and the *Lighthouse* Action share a Class period of March 1, 2007 to January 19, 2009 and the *Gold* Action sets out a slightly shorter period of October 18, 2007 to January 19, 2009.  The difference in the Class periods is in fact *de minimis* given that all three Actions rely on the same operative statements and occurrences during the relevant time periods and ultimately refer to the same materially false and/or misleading statements or material omissions.  For example, all Actions allege that the consolidated financial statements contained in Form 20-F for the year 2006 make materially false and misleading statements and/or omissions concerning RBS' exposure to toxic subprime assets. *See* Consolidated Amended Complaint at ¶¶ 532, 570-588, Lighthouse Complaint at ¶¶ 72, 116, 197, 199, 201, 219-221; *see also* Gold Complaint at ¶33.  Likewise, although the *Gold* Action and the *Lighthouse* Action name fewer defendants than the Consolidated Action, all three actions name RBS and the Company's directors, Sir Thomas

Fulton McKillop, Sir Frederick Anderson Goodwin, Guy R. Whittaker and John Cameron (collectively, the "Individual Defendants").   In addition, like the Consolidated Action, the *Lighthouse* Action also named Lawrence Fish as defendant.

Moreover, although the Consolidated Action was filed two years ago, it is not further along than the *Gold* or the *Lighthouse* Action.[4]   All three Actions are in the very early stages of the litigation.  Indeed, the Freeman Group has only last week filed an amended complaint.  Any delay in consolidating the *Gold* and the *Lighthouse* Actions with the Consolidated Action will be inconsequential.  Moreover, as fully briefed in Lighthouse's response to plaintiff Ethan Gold, the Consolidated Action will not be delayed by the lead plaintiff process outlined in the Private Securities Litigation Reform Act ("PSLRA") because the PSLRA does not mandate a new lead plaintiff selection process at this stage of the litigation and the Court has discretion to appoint a new lead plaintiff to represent the class of purchasers of RBS ADRs.  *See Hevesi v. Citigroup Inc., et al.*, 366 F.3d 70, 82-83 (2d Cir. 2004); *see also In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138, 2005 U.S. Dist LEXIS 41178, at \*\*10-14 (N.D. Cal. Mar. 9, 2005); *In re Impax Laboratories, Inc. Sec. Litig.*, No. C 04-04802, 2008 WL 1766943, \*\*7-9 (N.D. Cal. April 17, 2008); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002); *In re Initial Public Offering Sec. Litig.*, 224 F.R.D. 550, 552-53 (S.D.N.Y. 2004); *In re Baan Co. Sec. Litig.*, No. 1:98CV2465, 2002 WL 32307825, at \*2 (D.D.C. July 19, 2002).

Similarly, with respect to discovery, it can hardly be said that the overlap in discovery will be only modest given that the three Actions are against the same main defendants (RBS and the Individual Defendants) and the central issue common to all the Actions – namely the materiality of RBS' and the Individual Defendants' statements and omissions – underlie all three

---

[4]   Indeed, the Court recently adjourned the motion to dismiss schedule until such time as it has ruled on Lighthouse's motion to consolidate.

Actions.   Indeed, when the Court consolidated the ten original actions in May 2009, it determined that the actions had sufficiently common facts and law to favor consolidation to avoid unnecessary cost and promote efficiency.

* * *

For the reasons stated above, Lighthouse respectfully requests that the Court consolidate *Lighthouse Financial Group LLC v. Royal Bank of Scotland Group PLC*, 11 Civ. 398 (GBD) with *In Re Royal Bank of Scotland Group PLC Securities Litigation*, 09 Civ. 300 (DAB) and *Gold* v. *Royal Bank of Scotland Group PLC*, 11 Civ. 1162 (NRB), and grant Lighthouse such other and further relief as the Court deems appropriate.

Dated: March 28, 2011                         Respectfully submitted,

**SADIS & GOLDBERG LLP**

By: s/ Charles H. Dufresne, Jr.
    Charles H. Dufresne, Jr. (CD-4864)
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660
Fax: 212-573-6661

**GARDY & NOTIS, LLP**
By: s/ James S. Notis
    James S. Notis (JN-4189)
Mark C. Gardy
Kira German
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337
Fax: 201-567-7377

*Counsel for Lighthouse Financial Group LLC*