UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ROYAL BANK OF SCOTLAND
GROUP PLC SECURITIES LITIGATION

Case No. 09 Civ. 300 (DAB)

ECF Case

## NOTICE OF SUPPLEMENTAL AUTHORITY

The Royal Bank of Scotland Group plc ("RBS") respectfully requests that the Court take notice of the attached Order in *NECA-IBEW Pension Trust Fund v. Bank of America Corporation*, No. 10-cv-00440 (March 16, 2012) (Ex. A), in which Judge Kaplan dismissed claims under Sections 11 and 12 of the Securities Act that are virtually identical to those alleged here against RBS in the Consolidated Amended Complaint ("CAC"). The Order supports dismissal of the CAC.

In *NECA-IBEW Pension Trust Fund*, the plaintiffs alleged that as the credit crisis unfolded, Bank of America made a number of misstatements and omissions in late 2007 and the first half of 2008 relating to, among other things, the valuation of its CDOs and other mortgage-backed assets; its internal controls, capital base and risk-based capital ratios; and its acquisition of the mortgage originator Countrywide. In a detailed Report and Recommendation, Magistrate Judge Pitman determined that the challenged statements related to matters of judgment and opinion and that the complaint failed to allege sufficient facts to support the plaintiffs' allegation that they were false at the time they were made. (Dkt # 54, 10-cv-00440 (Ex. B).) Judge Kaplan agreed:

> To a very large extent, this complaint complains of statements of belief and omissions, the truth or falsity of which depends upon what view the maker held at the time they occurred, e.g., the adequacy of loan loss reserves and pre-acquisition

> due diligence, the value of instruments [i.e., CDOs] not traded on efficient markets and for which valuation therefore was a matter of opinion, the proper amounts of reserves, whether Bank of America was well capitalized, capital and leverage ratios that depended upon valuation of instruments not traded on efficient markets, the adequacy of internal controls, and so on. But there is nothing in the complaint that suggests that Bank of America did not, at the times relevant to the issue of the truth or falsity of its statements, actually hold the opinions and beliefs in question.

Order, at 2. The court emphasized that "[i]n the absence of evidence permitting a conclusion that the speaker did not in fact believe them at the time they were made, such statements may be mistaken, wrongheaded, or at odds with the views of others. But they are not untrue statements of fact. They simply do not give rise to a legally sufficient claim for relief." *Id.*

Likewise, the CAC here challenges a variety of putative statements or omissions relating to matters of judgment and opinion—including, as in *NECA-IBEW Pension Trust Fund*, the adequacy of RBS's internal risk controls, its CDO valuations, and statements regarding the pre-acquisition due diligence and anticipated benefits of its acquisition of ABN AMRO in October 2007—but it fails to allege that any of those statements were deliberately false when made; indeed, the CAC expressly disclaims any such allegation. (CAC ¶¶ 3, 174.) Under the same rationale as Judge Kaplan applied in *NECA-IBEW Pension Trust Fund*, the CAC thus fails to state a claim under the Securities Act.

Dated: March 26, 2012                                        Respectfully submitted,

/s/ David S. Lesser
David S. Lesser
Robert W. Trenchard
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue

- 3 -

New York, New York 10022
Telephone:  212-230-8800
Fax: 212-230-8888

Andrea J. Robinson
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: 617-526-6000
Fax:    617-526-5000

*Counsel for The Royal Bank of Scotland plc*