UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ROYAL BANK OF SCOTLAND GROUP PLC SECURITIES LITIGATION | 09 Civ. 300 (DAB) |

**LEAD PLAINTIFF THE FREEMAN GROUP'S RESPONSE TO DEFENDANT ROYAL BANK OF SCOTLAND GROUP PLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The supplemental authority proffered by defendant Royal Bank of Scotland Group plc ("RBS"), *NECA-IBEW Pension Trust Fund v. Bank of America Corporation*, No. 10-cv-0044 (S.D.N.Y., March 16, 2012), does not support RBS's motion to dismiss the Amended Complaint. In *NECA-IBEW*, Judge Kaplan noted that statements "of opinion or belief" are "not inherently true or false," and that to state a viable section 11 or 12 claim, plaintiffs alleging misrepresentations based on statements of opinion or belief must also allege that the defendants "did not in fact entertain the opinions or hold the belief upon which the claims are based." Order at 1.[1] Judge Kaplan adopted Magistrate Judge Pitman's report and recommendation that the plaintiffs' claims be dismissed because they failed to make allegations regarding the defendants' state of mind. *Id.* at 2.[2]

This legal principle arose in *NECA-IBEW* because the plaintiffs merely alleged that Bank of America should have known its loss reserves were insufficient and that it overvalued (and thus failed to sufficiently write down) its CDO and loan portfolios, as borne out by the company's subsequent write-downs. R&R at 39-41. Similarly, the plaintiffs' allegation that Bank of

---

[1] Judge Kaplan's March 16, 2012 Order is cited as "Order" and attached as Exhibit A to Dkt. No. 227.

[2] Magistrate Judge Pitman's February 9, 2012 Report and Recommendation is cited as "R&R" and attached as Exhibit B to Dkt. No. 227.

America falsely represented that it was "well-capitalized" was based not on any misrepresentation about the accuracy of Bank of America's disclosures of its assets and liabilities to investors, but instead on the company's predictions about its loan loss reserves, write-downs and net charge-offs that turned out to be inaccurate. *Id.* at 48. The plaintiffs also pointed to subsequent write-downs as evidence that Bank of America's internal controls and procedures were inadequate, but alleged no representations to investors about the adequacy of those internal controls and procedures. *Id.* at 51-53.

Plaintiffs in this case, by contrast, specifically allege defendants' misrepresentations and omissions about RBS's loan loss reserves and write-downs, and describe why the representations were both false and material. And plaintiffs allege that RBS made misrepresentations and omissions about the adequacy of its capital base and internal controls and procedures. Thus, plaintiffs' allegations are like those upheld in *In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d 568 (S.D.N.Y. 2010) (Stein, J.), which Magistrate Judge Pitman cited as an example of a case in which the plaintiffs stated violations of the Securities Act arising from statements about loan loss reserves and adequacy of capitalization. R&R at 49 n.24.[3]

With respect to RBS's loan loss reserves and write-downs, plaintiffs allege that RBS materially overvalued its subprime holdings by not marking them down at all despite dramatic declines in the ABX indices in the first six months of 2007, while simultaneously reporting these holdings to investors at nominal value. Complaint ¶¶ 156-62. Plaintiffs further allege that RBS failed to properly mark down its subprime assets despite its repeated representations to investors that it valued its assets in accordance with objective factors, including observable market

---

[3] The *NECA-IBEW* complaint can be found at 10 Civ. 440 (LAK) (HBP), Dkt. No. 25, and the *Citigroup* complaint can be found at 08 Civ. 9522(SHS), Dkt No. 14.

benchmarks and market data.  Complaint ¶ 162; *see also* Memo at 23-24.[4]  Judge Pitman noted that the *NECA-IBEW* plaintiffs would have stated a claim if they had made precisely this type of allegation—that Bank of America failed to take any write-downs in the face of contradictory information.  R&R at 44.  Plaintiffs' allegations in this case are also based on specific accounting standards that RBS had a duty to comply with and that plaintiffs allege RBS deviated from in reporting the company's subprime exposure to investors.  Complaint ¶¶ 96, 98, 110, 119-20, 132, 134, 145-46, 159-60, 162.  *See also In re Citigroup*, 723 F. Supp. 2d at 594 (holding that the plaintiffs' allegation that Citigroup violated SFAS 107 and other accounting requirements stated a claim because it was "backed by specific factual allegations, identifying each GAAP provision allegedly violated, and in what manner those provisions were violated").

  Plaintiffs also make specific factual allegations about RBS's representations concerning the adequacy of its capital base and its internal controls and procedures.  For example, plaintiffs allege that RBS misrepresented the strength of its capital base because it failed to properly risk-weight its assets by using the wrong multiplier for its assets and by not including its subprime assets in its calculations, which in turn led to the inaccurate reporting of its Risk Asset Ratio.  Complaint ¶¶ 4(a), 64, 71, 74, 79, 100, 101, 136-38; *see also* Memo at 18-20; *In re Citigroup*, 723 F. Supp. 2d at 593-94 (holding that the plaintiffs stated a claim where Citigroup represented that it was "well-capitalized" even though its Tier 1 capital ratio—"which was the basic measure of Citigroup's financial liability—was calculated without inclusion of billions of dollars of liabilities, including $66 billion in direct exposure to subprime-backed CDO securities …"). Unlike the plaintiffs in *NECA-IBEW*, who alleged no representations to investors about the adequacy of Bank of America's internal controls and procedures, plaintiffs here allege a number

---

[4] "Memo" refers to the Memorandum In Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss, filed at Dkt. No. 217.

of specific representations by RBS about its extensive internal controls and procedures (Complaint ¶ 64), and allege in detail that these controls and procedures were either not in place, were not followed during the relevant time period, or were incapable of accurately reviewing, monitoring, or managing RBS's exposure to credit risk.  Complaint ¶¶ 4(c), 64, 77, 82, 85, 102, 109, 111, 139.

The *NECA-IBEW* court also dismissed the plaintiffs' claims concerning Bank of America's acquisition of Countrywide because the plaintiffs alleged only generalized statements about how the transaction would benefit the company and failed to allege that Bank of America had any duty to disclose Countrywide's lax underwriting and origination procedures.  R&R at 62-63.  Again, by contrast, plaintiffs have alleged that RBS made specific omissions tied to affirmative representations about the ABN AMRO acquisition that are capable of objective determination.  Plaintiffs allege that RBS did not disclose the subprime assets it knew ABN AMRO had on its books even though the assets constituted a concentration of credit risk under applicable accounting standards.  Complaint ¶¶ 126, 134, 153; *see also* Memo at 34.  This is precisely the type of allegation the *NECA-IBEW* court found would have been sufficient to state a claim, had it been alleged.  R&R at 69-70.

DATED: April 3, 2012                                  Respectfully submitted,

                                                            **GIRARD GIBBS LLP**

                                                               /s/ Jonathan K. Levine
                                                            Jonathan K. Levine
                                                            711 Third Avenue, 20th Floor
                                                            New York, NY 10017
                                                            Telephone: (212) 867-1721
                                                            Facsimile: (212) 867-1767
                                                                 - and -
                                                            Daniel C. Girard
                                                            Amanda M. Steiner
                                                           Christina H.C. Sharp

Matthew A. Brinegar
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Lead Plaintiffs' Counsel*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Thomas G. Hoffman, Jr.
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Plaintiffs' Counsel and Counsel for the Mississippi Public Employees Retirement System*

**WOLF POPPER LLP**
Lester L. Levy
James A. Harrod
Robert S. Plosky
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Plaintiffs' Counsel and Counsel for the Mississippi Public Employees Retirement System*

**MURRAY, FRANK LLP**
Marvin L. Frank
Gregory A. Frank
Benjamin Bianco
275 Madison Avenue, 8th Floor
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Plaintiffs' Counsel and Counsel for Robert Knollenberg*

5

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
One North La Salle Street, Suite 2225
Chicago, IL 60602
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184

*Plaintiffs' Counsel*

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
850 Third Avenue
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714

*Plaintiffs' Counsel*

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Shane Rowley
Antonio Vozzolo
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331

*Plaintiffs' Counsel*

**CERTIFICATE OF SERVICE**

I, Jonathan K. Levine, hereby certify that on April 3, 2012, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

**LEAD PLAINTIFF THE FREEMAN GROUP'S RESPONSE TO DEFENDANT ROYAL BANK OF SCOTLAND GROUP PLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of April, 2012 at San Francisco, California.

*/s/ Jonathan K. Levine*
Jonathan K. Levine